UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>                v.<br><br>14)  JESUS ORTIGOZA,<br>    Defendant. | No. CR 15-688 DSF<br><br>ORDER RE MOTION FOR<br>COMPASSIONATE RELEASE,<br>REDUCTION IN SENTENCE,<br>OR RELEASE TO HOME<br>CONFINEMENT (Dkt. 1000) |

Defendant Jesus Ortigoza moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1).  The government opposes the motion.  The Court finds this matter appropriate for decision without oral argument.

18 U.S.C. § 3582(c)(1)(A)(i) provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction.

The government withdraws its objection and argument based on the failure to exhaust administrative remedies but continues to object based on the factors set forth in 18 U.S.C. § 3553(a). Noting that Ortigoza was an enforcer for a violent criminal organization, the government relies specifically on the seriousness of the offense and the danger to the community.[1]

Defendant pleaded guilty to conspiracy to commit racketeering and conspiracy to distribute narcotics. He admitted that he is a member of the Wilmas gang, a violent criminal organization. He also admitted to having a role in the violence, intimidation, and extortion committed by the organization.

On July 29, 2019, the Court sentenced Ortigoza to the mandatory minimum five-year term[2] – the sentence recommended by the parties, at least in part because of his medical issues. Ortigoza's release date is February 12, 2021, less than seven months away. Ortigoza is designated to the Springfield Medical Center. The government does not dispute Ortigoza's description of his present medical and physical condition, which has deteriorated significantly since his sentencing. He needs assistance with the activities of daily living, including getting in and out of bed, using the toilet, showering and dressing. He is losing sight in both eyes, no longer has the use of one arm, and has fallen several times. There are concerns about cognitive, memory, and language deficits. In May he received a tentative diagnosis of throat cancer. He is generally confined to a wheelchair.

Although it is within the realm of possibility that Ortigoza could return to some form of criminal activity, the Court agrees with the defense that he is unlikely to do so and is incapable of returning to the same type of conduct he engaged in previously.

---

[1] The government concedes the possibility that defendant's ailments support a conclusion that he would be medically eligible for release.

[2] The government does not contend that the Court cannot reduce Ortigoza's sentence below the mandatory minimum.

Because of Ortigoza's medical and physical condition and the fact that he has relatively little time left to serve, the Court is inclined to find that there are extraordinary and compelling reasons to reduce his term of imprisonment and place him on home confinement for the rest of his term. The parties are ordered to meet and confer and provide a proposed order containing the terms and conditions of release no later than July 22, 2020.

IT IS SO ORDERED.

Date: July 14, 2020

*[signature]*

Dale S. Fischer
United States District Judge